IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-476-D

FELICIA SINGLETARY, )
                    )
    Plaintiff,      )
                    )
v.                  )
                    )           **ORDER**
NORTH CAROLINA STATE BOARD )
OF DENTAL EXAMINERS, )
                    )
    Defendant.      )

On September 16, 2015, Felicia Singletary, DMD, ("Singletary" or "plaintiff") filed suit against the North Carolina State Board of Dental Examiners ("Dental Board" or "defendant"). See Compl [D.E.1]. Singletary alleges that the Dental Board's lengthy investigation into her dentistry practice violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and also violates North Carolina state regulations concerning Dental Board investigations. See id. ¶¶ 46–60. Singletary seeks injunctive relief, costs, and reasonable attorney's fees.

On October 26, 2015, the Dental Board moved to dismiss Singletary's complaint based on lack of subject-matter jurisdiction. See [D.E. 11]; Fed. R. Civ. P. 12(b)(1). The Dental Board contends that the Eleventh Amendment bars Singletary's action, that her federal due-process claims are moot because the Dental Board has ended the investigation and formally brought disciplinary charges, and that the court lacks subject-matter jurisdiction over Singletary's state-law claim. See [D.E. 11]. In the alternative, the Dental Board asks the court to abstain from hearing the case under Younger v. Harris, 401 U.S. 37, 43–45 (1971), or to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). See id.

On November 13, 2015, Singletary filed an amended complaint. See Am. Compl. [D.E. 13]. In Singletary's amended complaint, she essentially alleges the same illegal conduct on the part of the Dental Board as she did in her original complaint but also adds allegations concerning the Dental Board's now-pending disciplinary action against her. Compare id. ¶¶ 55–80 with Compl. ¶¶ 46–60. Singletary requests injunctive relief, costs, and reasonable attorney's fees. See Am. Compl. 15–16. On November 23, 2015, the Dental Board renewed its motion to dismiss, again citing lack of subject-matter jurisdiction, Younger abstention, and plaintiff's failure to state a claim. See [D.E. 14].

On December 14, 2015, Singletary responded in opposition to the Dental Board's renewed motion to dismiss. See [D.E. 16]. That same day, she also requested a preliminary injunction seeking to enjoin the Dental Board's disciplinary action against her until this court resolves her federal lawsuit. See [D.E. 17]. On January 4, 2016, the Dental Board responded in opposition to Singletary's motion. See [D.E. 21]. On January 6, 2016, the Dental Board submitted a corrected affidavit in opposition to Singletary's motion for a preliminary injunction. See [D.E. 22].

The Eleventh Amendment bars Singletary's federal lawsuit against the Dental Board. See, e.g., Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 760–61 (2002); Cory v. White, 457 U.S. 85, 90–91 (1982). The court also lacks subject-matter jurisdiction over her additional state-law claim. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 103–06 (1984). Thus, the court lacks subject-matter jurisdiction and grants the Dental Board's renewed motion to dismiss.

Alternatively, even if the court had subject-matter jurisdiction, the court would abstain under Younger. Under Younger, a federal court must abstain from interfering in state proceedings, even if jurisdiction exists, if the following three factors are present: (1) there is an ongoing state administrative or judicial proceeding brought before substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate

2

opportunity to raise constitutional challenges. See, e.g., Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432–34 (1982); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165–66 (4th Cir. 2008); Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006); Gilliam v. Foster, 75 F.3d 881, 903–05 (4th Cir. 1996) (en banc); Gilbert v. N.C. State Bar, 660 F. Supp. 2d 636, 643–45 (E.D.N.C. 2009). However, three exceptions to Younger abstention can apply when: (1) "there is a showing of bad faith or harassment by state officials responsible for the prosecution"; (2) "the state law to be applied in the criminal [or other state] proceeding is flagrantly and patently violative of express constitutional prohibitions"; or (3) "there exist other extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment." Kugler v. Helfant, 421 U.S. 117, 124 (1975) (quotations omitted); see Nivens, 444 F.3d at 241; Gilbert, 660 F. Supp. 2d at 643–47.

Even if the court has jurisdiction to consider Singletary's amended complaint, the record demonstrates that Younger warrants abstention. Moreover, Singletary has not plausibly alleged that any of Younger's three exceptions apply. See [D.E. 16] 26–29. Accordingly, Singletary must raise her constitutional claims and state-law claim (which all concern the Dental Board's investigation leading to the pending disciplinary charges) in the state administrative proceeding and then in state court. See, e.g., Middlesex Cty. Ethics Comm., 457 U.S. at 432–37; Gilbert, 660 F. Supp. 2d at 643–47.

As for Singletary's request for a preliminary injunction, the court lacks subject-matter jurisdiction to consider it. Thus, the court dismisses it. Alternatively, even if the court has jurisdiction, Singletary has not met the demanding standard for such extraordinary relief. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc); Real Truth About Obama, Inc. v. Fed. Election

3

Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). Specifically, Singletary has not established that she is likely to succeed on the merits, that she is likely to suffer irreparable harm without the requested preliminary relief, that the balance of equities tips in her favor, or that the requested injunction is in the public interest. See Winter, 555 U.S. at 20. Accordingly, the motion is denied.

In sum, defendant's motion to dismiss the amended complaint [D.E. 14] is GRANTED and plaintiff's motion for a preliminary injunction [D.E. 17] is DISMISSED. Alternatively, if the court has jurisdiction to consider plaintiff's motion for a preliminary injunction, the motion is DENIED. Defendant's motion to dismiss the original complaint [D.E. 11] is DENIED as moot.

SO ORDERED. This 8 day of February 2016.

JAMES C. DEVER, III
Chief United States District Judge